PEOPLE *ex rel.* NEW YORK E. R. CO. *v.* COLEMAN *et al.*, Commissioners of Taxes.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. TAXATION—ASSESSMENT—CERTIORARI TO REVIEW—REFERENCE TO TAKE FURTHER PROOF.

On *certiorari* to review the action of tax commissioners in rejecting the application of relator for relief from the assessment of its personal property on the ground that it was largely invested in United States bonds, an application was made for a reference to take further proof establishing the alleged illegality, and that the assessment was made on a valuation exceeding that adopted for other similar property, and was opposed on the grounds that the examination already had before the commissioners, as provided by Laws 1882, c. 410, (New York city consolidation act,) § 820, had been very extended, and that the objection of inequality could not be raised under Laws 1885, c. 311, § 2, amending the consolidation act (section 821) by providing that "*certiorari* to review or correct on the merits the action of the commissioners shall be allowed only on the grounds, to be specified in the petition, that the assessment is illegal, giving the particulars of the alleged illegality, or that it is erroneous by reason of overvaluation." *Held*, that as the hearing before the referee could not be either prolonged or extended, and as the relator should not be deprived of the opportunity of giving further evidence concerning its investment in the bonds, the reference cannot be held to be so unwarranted as to require or justify a reversal.

2. SAME—CERTIORARI TO REVIEW—STAYING PROCEEDINGS OF ASSESSORS.

Laws 1880, c. 269, providing for the review of assessments by *certiorari*, controls that subject, as section 2 provides that a writ allowed thereunder "shall not stay the proceedings of assessors or other persons to whom it is directed, or to whom the assessment rolls may be delivered according to law." Code Civil Proc. § 2131,

relating to stay of proceedings on *certiorari*, cannot apply; and an order staying the collection of a portion of the tax imposed on the relator in consequence of the assessment sought to be reviewed, is unauthorized.

**3. SAME—COLLECTION—REPAYMENT OF EXCESSIVE TAXES.**

An order requiring the tax commissioners, respondents in *certiorari* to review an assessment, to enter into a stipulation for the return to relator of so much of the money which shall have been paid by him as shall be adjudged to be in excess of the lawful amount, is unauthorized, as Laws 1880, c. 269, (relating to the review of assessments by *certiorari*,) § 8, provides and defines the manner in which repayment of such excess may be obtained.

Following *People* v. *Coleman*, *ante*, 112.

Appeal from special term, New York county.

On *certiorari* to review an assessment for the purposes of taxation. The respondents, tax commissioners for the city and county of New York, appeal from an order of reference to take proofs, and return them to the court, and for a stay of proceedings. The facts and points involved are the same as those in *People* v. *Coleman*, *ante*, 112; the only difference being as to the amount involved.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*George S. Coleman*, for appellants. *Julien T. Davis*, for respondent.

DANIELS, J. The order from which the appeal has been taken in this case contains the same provisions as the order in the case of the Manhattan Railway Company, already considered, (*ante*, 112.) It requires no further attention for its disposition; but, so far as the order provides for a reference, it should be affirmed, but in all other respects reversed, without costs to either party.

VAN BRUNT, P. J., and BRADY, J., concur.